**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

**v.**                                                                                     **Case No. 1:13mj45**

**NATHAN LEE SCOTT,**
                        **Defendant.**

<u>**ORDER/OPINION**</u>

On April 11, 2013, came the United States by Zelda Wesley, its Assistant United States Attorney, and Nathan Lee Scott, in person and by his counsel, Scott Radman, on the criminal complaint filed against him on April 8, 2013.

The Court heard the testimony of West Virginia State Police Cpl. John Wayne Smith, who is assigned to the BCI.  Upon consideration of all which, the Court finds there is probable cause to believe that:

> On or about April 8, 2013, in Monongalia County, in the Northern District of West Virginia, the defendant, Nathan Lee Scott, did unlawfully,  knowingly, and intentionally possess with the intent to distribute powder cocaine, also known as "coke," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(C).

It is therefore **ORDERED** that Nathan Lee Scott be bound over for proceedings before a Grand Jury attending the United States District Court for the Northern District of West Virginia.

The United States moved to detain Defendant pending further proceedings, asserting the rebuttable presumption.  Defendant, through counsel, advised he could not rebut the presumption at this time.  The Court notes that it appears from the Pretrial Services Report that  Defendant is on Federal Supervised Release in the Southern District of Ohio.

The United States' Motion to Detain is therefore **GRANTED**. It is further **ORDERED** that:

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal pending further proceedings in this case;

2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant be afforded a reasonable opportunity for private consultation with defense counsel; and

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk is directed to send a copy of this order to counsel of record and all relevant agencies.

DATED this 12th day of April 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE